IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| RAMIRO RUBI IBARRA,<br>      Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. W-02-CA-052 |
| | § | |
| DOUG DRETKE, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division,<br>      Respondent. | §<br>§<br>§<br>§ | |

## O R D E R

Petitioner brings this § 2254 to challenge his capital murder conviction and death penalty sentence. He moves to abate the case in order to pursue a claim in state court under Atkins v. Virginia, 536 U.S. 304 (2002), which precludes execution of the mentally retarded. Atkins was handed down after Petitioner's present application was filed. Respondent objects to abatement and moves to dismiss Petitioner's application on the ground that he has failed to exhaust his available state remedies. Having reviewed the pleadings and the applicable legal authority, the Court is persuaded that this case should be abated.

Recently, the Texas Court of Criminal Appeals has modified its Powers abstention doctrine to enable a state petitioner to pursue a subsequent state writ if a federal court considering a parallel writ enters an order staying its case to allow an applicant to pursue an unexhausted claim in Texas state court. See Ex parte Soffar,

35

___ SW3d ___, 2004 WL 245190 (Tex. Ct. Crim. App., February 11, 2004). In accordance with this new state authority, it is hereby

**ORDERED** that Petitioner's Motion to Abate Proceedings is **GRANTED** and Respondent's Motion to Dismiss Petitioner's Amended Petition for Writ of Habeas Corpus is **DENIED**. This case will be abated until Petitioner has had the opportunity to fully exhaust his Atkins claim in the state courts. The parties shall file status reports with this Court every 60 days.

Respondent has additionally filed a motion for summary judgment. If Petitioner's claim is successful in state court, the motion and this case will be moot. If Petitioner's claim is unsuccessful, Respondent will be required to file a new motion to address the additional claim. Accordingly, it is

**ORDERED** that Respondent's Motion for Summary Judgment is **DENIED** at this time.

SIGNED this 30th day of September, 2004.

WALTER S. SMITH, JR.
**Chief United States District Judge**

2