

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| RAMIRO RUBI IBARRA,<br>Petitioner,<br><br>v.<br><br>RICK THALER, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. W-02-CA-052<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Petitioner moves to alter or amend the Judgment denying his petition for federal writ of habeas corpus. He also moves for a stay of proceedings until after a ruling by the Supreme Court in the cases of *Martinez v. Ryan*, ___ U.S. ___, 131 S.Ct. 2960, 180 L.Ed.2d 244 (2011), and *Maples v. Thomas*, ___ U.S. ___, 131 S.Ct. 1718, 179 L.Ed.2d 644 (2011), and until after Congress has had an opportunity to vote on the Consular Notification Compliance Act of 2011 ("CNCA"). Having reviewed Petitioner's motions and the State's responses, the Court is persuaded both should be denied.

Petitioner's request for a stay pending legislative action on the CNCA has been rejected by the Supreme Court. *See Garcia v. Texas*, ___ 131 S.Ct. 2866 (2011). As the Court notes, it is doubtful if "it is ever appropriate to stay a lower court judgment in light of unenacted legislation." *Id.* at 2867. The courts should apply the law as it exists, not wait for possible legislative action. "The Due Process

Clause does not prohibit a State from carrying out a lawful judgment in light of unenacted legislation that might someday authorize a collateral attack on that judgment." *Id.*

The same holds for Petitioner's request for a stay pending a Supreme Court ruling in other cases. This Court will apply the law as it currently exists. Should Petitioner believe that the decision is wrong, his option is to appeal to the Fifth Circuit. Accordingly, it is **ORDERED** that Petitioner's Motion for Stay of Proceedings is **DENIED**.

Petitioner's request for Rule 59 relief is also without merit. A district court has considerable discretion in determining whether a case should be reopened under Rule 59(e), striving to strike "the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003), quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). Relief is also

appropriate under Rule 59(e) "when there has been an intervening change in the controlling law." *Schiller*, 342 F.3d at 567.

Petitioner has failed to meet the requirements of Rule 59. He has not clearly identified a manifest error in fact or law, there is no newly discovered evidence, there has been no intervening change in the law, and he presents no argument that could not have been raised previously. Accordingly, it is **ORDERED** that Petitioner's Motion to Alter or Amend Pursuant to Federal Rule of Civil Procedure 59(e) is **DENIED**.

**SIGNED** this 6- day of ~~September~~ October, 2011.

_____
WALTER S. SMITH, JR.
United States District Judge