# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS,
# WACO DIVISION

|  |  |  |
|---|---|---|
| **Ramiro Ibarra Rubi**, | § | |
| *Petitioner*, | § | |
| | § | |
| | § | |
| **v.** | § | Case No. 6:02-CV-00052 |
| | § | DEATH PENALTY CASE |
| **Lorie Davis**, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| *Respondent*. | § | |
| | § | |

## Petitioner's Motion to Alter or Amend Judgment
## Pursuant to Federal Rule of Civil Procedure 59(e)

Russell D. Hunt, Jr.
Attorney at Law
Texas State Bar No. 00790937
310 South Austin Avenue
Georgetown, Texas 78626
Telephone: (512) 930-0860
r2@rhjrlaw.com

Naomi E. Terr
Attorney at Law
Texas State Bar No. 24033379
P.O. Box 19252
Houston, Texas 77224
Telephone: 713-471-3943
naomiterr@kuykendall-law.com

Petitioner, Ramiro Ibarra Rubi, respectfully moves this Court to alter or amend its Judgment of February 1, 2017, finding *Trevino* to be inapplicable to his case, denying his petition for writ of habeas corpus, denying a certificate of appealability (COA), and returning the case to the Fifth Circuit. In support of his motion, Mr. Ibarra shows as follows:

## II. STATEMENT OF RELEVANT PROCEDURAL HISTORY AND CASE FACTS

The 54th District Court of McLennan County, Texas, sentenced Mr. Ibarra to death on September 22, 1997. The Texas Court of Criminal Appeals (CCA) affirmed. *Ibarra v. State*, 11 S.W.3d 189 (Tex. Crim. App. 1999). Court-appointed state habeas counsel filed a four-page state habeas application, raising only a single, non-cognizable claim alleging that the passage of time between the offense and Mr. Ibarra's arrest and prosecution violated the Eighth Amendment. *See* USDC Dkt. #168 at 5; *cf. Buck v. Davis,* 580 U.S. ___, No. 15-8049 Slip Op. at 6 (February 22, 2107) (citing cursory initial state habeas petition raising 4 "frivolous or noncognizable" claims).

On June 19, 2003, while Mr. Ibarra's federal habeas proceedings were pending, he filed a second application for postconviction relief in the

state court, raising a newly available *Atkins*[1] claim. On September 30, 2004, this Court granted a stay and abeyance for litigation of that application. USDC Dkt. #35. While his *Atkins* claim was pending, Mr. Ibarra filed a state application asserting his right to relief based on the State's violation of his rights under Article 36 of the Vienna Convention on Consular Relations (VCCR).

The CCA found that Mr. Ibarra had made a *prima facie* showing of intellectual disability and remanded his application to the trial court for further proceedings and fact-finding. No hearing was held on the *Atkins* claim, however, because Mr. Ibarra was only represented by volunteer counsel on the application for sixty days before the scheduled hearing, and the trial court did not appoint an attorney from the list of qualified counsel until the day of the hearing. The trial court also refused a request for funds to bring Mr. Ibarra's psychological expert, who had diagnosed him as intellectually disabled, to Texas to testify. State habeas counsel, accordingly, were unprepared to present their evidence, and no witnesses were called. *Cf. Ex parte Blue*, 230 S.W.3d 151, 167 (Tex. Crim. App. 2007) (CCA is well aware of the plight of an attorney in these

---

[1] *Atkins v. Virginia*, 536 U.S. 304 (2002).

circumstance, "*viz:* how to satisfy a steep burden of proof and persuasion without any resources allocated by the State to help his indigent client." Such counsel "is put in the unfortunate position of having to choose whether to personally bear the costs of expert and investigative assistance, raise the costs himself from private charitable sources, file a writ application without such assistance that will almost surely fall short of the statutory burden, or file no writ application at all despite his good faith suspicions. This is a regrettable dilemma for any attorney to have to face who is already giving generously and commendably of his own time.")

The trial court signed the State's proposed findings of fact and conclusions of law verbatim. On September 26, 2007, the CCA issued an order adopting the trial court's findings of fact and conclusions of law, and denied relief on Mr. Ibarra's *Atkins* claim. The Court also dismissed the VCCR claim for failure to satisfy Texas Code of Criminal Procedure Article 11.071, Section 5. *Ex parte Ibarra*, No. 48,832-02 & 03 (Tex. Crim. App. Sept. 26, 2007) (per curiam). This Court continued the stay of these proceedings to allow Mr. Ibarra to raise in the state courts, for the first time, a *Wiggins* claim alleging that trial counsel conducted an ineffective

penalty phase investigation. The CCA dismissed that application under Article 11.071, Section 5, on October 1, 2008. *Ex parte Ibarra*, No. 48,832-04 (Tex. Crim. App. Oct. 1, 2008).

Mr. Ibarra returned to this Court and filed an amended federal habeas petition, USDC Dkt. #99, and a motion for an evidentiary hearing on his *Wiggins*, *Atkins*, and VCCR claims, USDC Dkt. #113. In a single order, this Court denied an evidentiary hearing and granted the Director's motion for summary judgment, dismissing Mr. Ibarra's habeas petition. USDC Dkt. #119. With regard to Mr. Ibarra's *Wiggins* claim, the Court found it was procedurally defaulted, and alternatively found it was without merit. Notably, the Court acknowledged that the undeveloped record on the claim prevented a full consideration of its merits:

> Petitioner asserts that further investigation by trial counsel would have established numerous problems with his background, including desperate poverty, inadequate nutrition, disruptive family life, experience of and exposure to family violence, poor childhood development both mentally and physically, poor performance at school, and suffering a head injury as a child. Petitioner further asserts that he suffers from mental retardation and post-traumatic stress disorder. ***The facts, however, are one-sided. Because these matters were not presented to the state court in a procedurally correct manner, there was no hearing on the issues before the trial court and no fact findings. Additionally, without an evidentiary hearing, there are***


> ***no affidavits or statements from trial counsel which
> could explain strategic decisions.***

USDC Dkt. #119 at 32-33 (emphasis added).

While Mr. Ibarra's motion for a COA was pending in the Fifth Circuit, the Supreme Court issued its opinion in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), holding that procedurally defaulted ineffective assistance of trial counsel claims may be heard on the merits by the federal courts if the petitioner can establish that the claims have "some merit," judged under the *Miller-El*[2] COA standard, and that the claims were defaulted because of ineffective assistance of state habeas counsel, judged under the *Strickland*[3] standard for trial counsel ineffectiveness. Mr. Ibarra sought vacation of this Court's order based on *Martinez*, but the Fifth Circuit denied the motion, finding *Martinez* does not apply to Texas cases. *Ibarra v. Thaler*, 687 F.3d 222 (2012). Judge Graves dissented. *Id*.

Shortly thereafter, the Fifth Circuit denied a COA on Mr. Ibarra's *Wiggins* claim, as well as his *Atkins* and VCCR claims. In denying the *Wiggins* claim, the Court found only that reasonable jurists would not

---

[2] *Miller-El v. Cockrell*, 537 U.S. 322 (2003).
[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

debate that the claim was procedurally defaulted. Because the claim was found procedurally defaulted, the Fifth Circuit did not decide, or comment on, the debatability of this Court's alternative merits ruling. *Ibarra v. Thaler*, 691 F.3d 677, 685 (5th Cir. 2012).

On May 28, 2013, the Supreme Court held that *Martinez* does benefit Texas federal habeas petitioners. *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). In doing so, it expressly overturned the Fifth Circuit's ruling in Mr. Ibarra's case. *Id.* at 1916. In response to *Trevino*, the Fifth Circuit granted Mr. Ibarra's petition for rehearing, vacated its prior panel decision to the extent it was inconsistent with *Trevino*, granted a COA to the extent their prior denial was inconsistent with *Trevino*, vacated this Court's order to the extent it was inconsistent with *Trevino*, and remanded the cause to this Court for further proceedings. *Ibarra v. Stephens*, 723 F.3d 599 (5th Cir. 2013).

Judge Graves filed a separate opinion concurring in part and dissenting in part. He explained,

> I disagree with the majority's inclusion of the language that "in all other respects, the majority and dissenting opinions remain in effect." The inclusion of this language is an unwarranted and unnecessary potential limiter on the consideration of Ibarra's claims of ineffective assistance of trial counsel with regard to the issues on which the majority

6

previously denied his COA. Ibarra is **clearly not foreclosed** from raising his ineffective assistance of counsel claims on these issues. Simply put, the trial court is free to determine whether or not evidence related to these issues is relevant to any claim of ineffective assistance of counsel, and is likewise free to determine if any ineffective assistance affects the merits of these issues or any procedural default. *Id.* Thus, I disagree with any language **that may be construed** to the contrary.

*Id.* at 600 (Graves, J., concurring in part and dissenting in part) (emphasis added).

In post-remand briefs filed in this Court, Mr. Ibarra argued that he should be allowed to return to state court to exhaust his *Wiggins* and *Atkins* claims, because available state remedies exist for both claims. Consequently, he argued those claims are not procedurally defaulted. Alternatively, Mr. Ibarra argued that he was entitled to time and resources to investigate facts in support of his defaulted ineffectiveness claims and the facts necessary to make a *Martinez* cause and prejudice argument. He argued he should then be allowed to amend his habeas petition to include those claims and arguments. *See* USDC Dkt. #142, 153, 158, 159.

Respondent argued that there was no available state remedy for Mr. Ibarra's claims, and therefore that the Court's original procedural

default ruling should be upheld. Respondent further argued that this Court was without jurisdiction to revisit its alternative merits ruling on Mr. Ibarra's *Wiggins* claim, and that the Fifth Circuit granted a COA, vacated, and remanded the case for the sole purpose of allowing this Court to revisit its procedural ruling. *See* USDC Dkt. #148, 160. In practical terms, Respondent argued that the Fifth Circuit remanded the case for the sole purpose of securing an advisory opinion on a procedural question related to a claim that the Fifth Circuit had already found to be without arguable merit.

Without ruling on Mr. Ibarra's post-*Trevino* brief related to claim development and amendment of the habeas petition, this Court denied Mr. Ibarra's motion for a stay and abeyance, relying on "the reasons stated in Respondent's Response in Opposition." USDC Dkt. #162. Mr. Ibarra filed a motion to reconsider the denial of stay and abeyance. USDC Dkt. #165.

On September 19, 2016, Western District Chief Judge Orlando L. Garcia "reassigned" the case from Judge Walter Smith to Judge Robert Pittman. Nine days later, Judge Pittman issued a Memorandum Opinion and Order denying Mr. Ibarra's motion to reconsider the denial of stay

and abeyance. USDC Dkt. #168. The Order found that Mr. Ibarra's ineffective-assistance-of-trial-counsel (IATC) claim was not substantial under *Martinez*. *Id*. at 8. The Order also stated that in order to demonstrate that a claim is substantial, a petitioner must satisfy the requirements of *Strickland*. *Id*. at 4.

In addition to denying the motion to reconsider, the Court "further **ORDERED** that this case be returned to the Fifth Circuit Court of Appeals," and denied a COA. *Id*. at 8. The Court made no final ruling on Mr. Ibarra's post-remand brief requesting an opportunity to investigate and amend his federal habeas petition to include claims arising under *Martinez* as well as the arguments necessary to satisfy *Martinez* cause and prejudice; nor did it render a final ruling on the *Wiggins* claim. *Id*.

Because of the lack of clarity and the absence of a final judgment, Mr. Ibarra requested a status conference at which the parties and the Court could clarify the remaining issues to be addressed. USDC Dkt. #169. This Court denied the motion, holding that its Memorandum Opinion and Order denying the motion to reconsider the denial of stay and abey "fully address[ed] the Fifth Circuit's Order remanding in light

of *Trevino* [],'' and further holding that "there are no remaining issues to be resolved." *Id*.

For the reasons set forth below, Mr. Ibarra asserts that the Court's September 28, 2016 Opinion violates the terms of the Fifth Circuit's remand order.

## IV. ARGUMENT AND AUTHORITIES

### A. The Court's September 28, 2016 Memorandum Opinion and Order failed to fulfill the Fifth Circuit's remand order and is inconsistent with *Buck v. Davis.*

The Fifth Circuit granted Mr. Ibarra a COA on his *Wiggins* claim. In doing so, the Court, as a matter of law, found that both the earlier procedural default ruling by this court and the merits of the claim were debatable among jurists of reason, *i.e.* that Mr. Ibarra's *Martinez* arguments and the underlying *Wiggins* claim itself have "some merit," *i.e.* that both are substantial. Moreover, instead of addressing the *Martinez* question or the merits of the claim, the Fifth Circuit remanded to this Court for further fact-findings, an action the Court takes when further fact development is required for a reliable fact-finding.

The process afforded Mr. Ibarra by this Court – denying him fact development or amendment of the petition to take account of *Martinez*

and *Trevino*, and merely revisiting the *Wiggins* claim that was pled pre-*Martinez* – violated the Fifth Circuit's COA grant and remand order.

1. <u>By granting a COA and remanding, the Fifth Circuit has already found that Mr. Ibarra's *Wiggins* claim has "some merit."</u>

The issuance of a COA on a claim that was found to be procedurally defaulted by the lower court—as happened in this case—requires a finding by the Fifth Circuit that the lower court's procedural ruling is debatable among jurists of reason *and* that the petitioner has demonstrated "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Regarding the merits analysis, a petitioner satisfies the COA standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This rule is well-established, and no exception to it exists.

Applying this standard post-*Trevino*, the Fifth Circuit has explained that the COA standard is not met—and a remand for further proceedings is not appropriate—on a defaulted IATC claim arising under

*Martinez* unless the petitioner shows both that reasonable jurists could debate the *Martinez* question and that reasonable jurists could debate the underlying merits of the ineffectiveness claim.

In *Newbury v. Stephens*, 756 F.3d 850 (5th Cir. 2014), the Fifth Circuit addressed a request for a COA and remand on a defaulted IATC claim that was in the precise posture of Mr. Ibarra's *Wiggins* claim. The district court had found, pre-*Trevino*, that the petitioner's IATC claim was procedurally defaulted, and alternatively found that it was without merit. The Fifth Circuit refused a COA and remand post-*Trevino*, explaining that,

> [b]ecause the district court, in its alternative holding, rejected his constitutional claims on the merits, Newbury cannot obtain a COA unless he ***also*** demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

*Newbury v. Stephens*, 756 F.3d at 871 (emphasis added). Applying this standard, the Court concluded that,

> [c]onsidering all of Newbury's evidence, including that presented for the first time in federal court, reasonable jurists would not debate the district court's decision that Newbury's IATC claim lacks merit. ***Because Newbury has not presented a debatable IATC claim, he is not entitled to a COA***, notwithstanding the district court's procedural error in concluding that ineffective habeas counsel cannot

> constitute cause for a procedural default. *See Slack*, 529 U.S.
> at 484.

*Id.* at 874 (emphasis added).

Similarly, in *Reed v. Stephens*, 739 F.3d 753 (5th Cir. 2014), the Fifth Circuit refused a COA on a trial counsel ineffectiveness claim arising under *Martinez* on the basis that,

> although the district court's reliance on *Ibarra* is incorrect
> following *Trevino*, and thus its procedural default ruling is, at
> the very best, debatable, to obtain a COA [a petitioner] must
> still demonstrate that reasonable jurists would debate
> "whether the petition states a valid claim of the denial of a
> constitutional right." *Slack*, 529 U.S. at 479, 484.
> ***Concluding that Reed has failed to state any debatable
> ineffective-assistance-of-counsel claims, we deny a COA***.

*Reed*, 739 F.3d at 774 (emphasis added). In a footnote to this holding, the Fifth Circuit addressed the very situation we address today, and further emphasized that the Court will not grant a COA and remand for fact-findings by the district court unless the petitioner has presented, at least, a debatable claim of ineffective assistance by trial counsel:

> Reed asks that we remand the issue to the district court,
> citing our decision in *Cantu v. Thaler*, 682 F.3d 1053, 1054
> (5th Cir. 2012) (remanding "so that the district court may
> decide in the first instance the impact of *Martinez*"). But as
> we explain, Reed has not presented a debatable ineffective
> assistance claim. . . . . ***Under these circumstances we
> cannot grant a COA.*** *See Jimenez v. Quarterman*, 555 U.S.
> 113, 118 n.3[] 2009) (COA should issue on district court's

denial of habeas relief on procedural grounds only where jurists of reason would debate ***both*** the procedural ruling and that petition stated valid claim of denial of a constitutional right).

*Id*. at 774 n. 11 (emphasis added).

The only interpretation of the Court's COA grant and remand order consistent with the Fifth Circuit's clearly established, binding precedent is that the Court found: (1) that reasonable jurists could debate whether state habeas counsel was ineffective in defaulting his *Wiggins* claim (COA standard for cause under *Martinez*); (2) that reasonable jurists could debate whether Mr. Ibarra's *Wiggins* claim has "some merit" (COA standard for prejudice under *Martinez*); ***and*** (3) that Mr. Ibarra's *Wiggins* claim has "some merit"  (COA standard on the merits of the underlying claim).[4]

Therefore, Mr. Ibarra's case came back to this Court with the Fifth Circuit having already found one element of *Martinez* to be satisfied – that his underlying *Wiggins* claim has "some merit." *Martinez*, 132 S. Ct. at 1318-19 (citing the COA standard under *Miller-El* as the same standard to show prejudice under *Martinez*). The only argument

---

[4] Note that the third finding subsumes the second, as it meets a higher evidentiary standard.

otherwise is that the Fifth Circuit failed to follow well-established, binding, Supreme Court rules on the issuance of a COA.

The Supreme Court's recent decision in *Buck v. Davis, supra,* is illustrative of the proper approach to be taken in these circumstances: First, a determination must be made, using the appropriate standard, as to whether a COA should issue. In this case, the Fifth Circuit already decided that question in the affirmative; in *Buck*, the Supreme Court made its own determination. Second, the Court must turn to a review of the procedural posture and merits of the claim. In *Buck*, the Court did so and found that the claim survived a Rule 60(b) process and found a winning IATC claim. Here, this Court must review Mr. Ibarra's cause and prejudice claim as to state habeas counsel's representation (which this Court, as in *Buck*, already has noted was perfunctory in the extreme), and, assuming a finding of ineffective representation, must turn to a full merits adjudication of Mr. Ibarra's trial ineffectiveness claim. None of this was done here.

Instead of following the well-established, and binding, post-COA and post-remand procedures in this case, the Court perfunctorily re-reviewed Mr. Ibarra's *Wiggins* claim and determined that the claim was

insubstantial for *Martinez* purposes, concluding that *Martinez* and *Trevino* do not apply. The Court's finding attempts to overturn the Fifth Circuit's finding that the claim *is* substantial. However, this Court does not have the authority to overturn the Fifth Circuit's fact-findings. The Court's basis for denying Mr. Ibarra relief on the claim is therefore reversible error.

> 2. Because the Fifth Circuit has already held that Mr. Ibarra's *Wiggins* claim is substantial, it has already found prejudice under *Martinez*, leaving this Court to decide only the questions of cause and, if cause is established, whether Mr. Ibarra is entitled to relief.

Under *Martinez*, cause and prejudice exist to excuse the procedural default of an IATC claim if the petitioner can demonstrate both that state habeas counsel was ineffective and that the underlying ineffectiveness claim has "some merit." As has been explained by the Supreme Court and by Mr. Ibarra above and in his prior pleadings, the COA substantiality standard is indistinguishable from the *Martinez* prejudice standard. *Martinez*, 1318-19 (citing the COA standard announced in *Miller-El* as the equivalent of the "some merit" standard announced in *Martinez*).

Accordingly, on remand, only two questions were left unresolved by the Fifth Circuit:

- First, can Mr. Ibarra establish cause for the procedural default of his *Wiggins* claim by establishing that his state habeas counsel ineffectively defaulted the claim?

- Second, if he can establish cause, is Mr. Ibarra entitled to relief on his *Wiggins* claim, as well as any other IATC claim that state habeas counsel ineffectively defaulted?

### 3. <u>This Court failed to address whether Mr. Ibarra's state habeas counsel was ineffective.</u>

This Court's September 28, 2016 Memorandum Opinion and Order failed to address the procedural question it was required to address under the remand order – whether Ray Bass provided Mr. Ibarra ineffective assistance in state habeas. The only mention this Court made of the issue was a single sentence, which simply noted that "[a]fter Ibarra's conviction, the only issue raised by his first habeas counsel was that the lengthy delay between the commission of the offense and Ibarra's trial constituted cruel and unusual punishment." USDC Dkt. #168 at 5.[5]

This is not a final ruling on the question of cause under *Martinez*.

---

[5] As Mr. Ibarra has explained in prior pleadings, his state habeas counsel, Ray Bass, filed a four-page application, raising this single claim, which was record-based, non-cognizable, had been raised and rejected on direct appeal, and was wholly without merit. *Cf. Buck, supra.*

4. <u>The question whether state habeas counsel was ineffective and, if so, whether Mr. Ibarra is entitled to relief on his *Wiggins* claim—as well as any other substantial, procedurally defaulted IATC claims— requires further fact development.</u>

Significantly, neither of the questions left to this Court to decide on remand can be decided on the basis of the current record. In fact this Court has already so held. Although preliminary investigations into trial counsel's performance were undertaken (largely in support of the then-available *Atkins* claim), this Court noted in its pre-remand dismissal of the *Wiggins* claim that its status of being procedurally defaulted prevented the parties from fully developing a record, and thus prevented full and fair consideration of the claim:

> Petitioner asserts that further investigation by trial counsel would have established numerous problems with his background, including desperate poverty, inadequate nutrition, disruptive family life, experience of and exposure to family violence, poor childhood development both mentally and physically, poor performance at school, and suffering a head injury as a child. Petitioner further asserts that he suffers from mental retardation and post-traumatic stress disorder. ***The facts, however, are one-sided. Because these matters were not presented to the state court in a procedurally correct manner, there was no hearing on the issues before the trial court and no fact findings. Additionally, without an evidentiary hearing, there are no affidavits or statements from trial counsel which could explain strategic decisions.***

USDC Dkt. #119 at 32-33 (emphasis added). That further development is necessary is further evidenced by the fact that the Fifth Circuit remanded the cause instead of issuing its own findings, and by the fact that the relevant questions have not been pled because this Court dismissed Mr. Ibarra's federal habeas petition pre-*Martinez* and *Trevino*.

The Fifth Circuit and the Supreme Court have established practices of addressing the merits of claims on appeal when the record is sufficient to do so. *See Strickland v. Washington*, 466 U.S. 668 (1984) (declining to remand, and addressing the merits of an IATC claim because "[t]he record makes it possible to do so."); *League of United Latin Am. Citizens, Counsel No. 4434 v. Clements*, 999 F.2d 831, 877 (5th Cir. 1993) ("Remanding for reconsideration is inappropriate when 'the record permits only one resolution of the factual issue.'") (*citing Pullman-Standard, Div. of Pullman, Inc. v. Swift*, 456 U.S. 273, 287, 292 (1982)); *Griffin v. Box*, 956 F.2d 89, 93 (5th Cir. 1992) (same). This practice conserves time and judicial resources by avoiding unnecessary delay and litigation when a record sufficient for fact-findings has already been made.

In *Newbury*, discussed above, the district court had done a thorough job of reviewing the petitioner's IATC claim on the merits, including by considering the new evidence presented in federal habeas. According to the Fifth Circuit, that review provided the petitioner "all of the relief available to him under the authority of *Martinez* and *Trevino*," and therefore remand for further fact development was unnecessary. *Newbury v. Stephens*, 756 F.3d at 872. Instead, the Fifth Circuit reviewed the merits of the claim on the existing record. *Id.*

Because Mr. Ibarra ***did*** receive a remand order, and the Fifth Circuit restrained itself from making a merits determination on either state habeas counsel's or trial counsel's ineffectiveness (beyond finding as part and parcel of its COA grant that both claims are "debatable among jurists of reason"), the only legally supportable conclusion is that the Fifth Circuit concluded, as did this Court prior to the remand, that the current record is insufficient to make the necessary findings. Mr. Ibarra has repeatedly sought further proceedings, fact development, and eventual leave to amend his federal petition, both before and after the remand from the Fifth Circuit; none of this was mentioned by this Court in its cursory order in September 28, 2016.

Other district courts have interpreted post-*Trevino* remand orders in accordance with Mr. Ibarra's logic. For instance, in *Trevino* itself, the San Antonio Division of the Western District granted expert funding and an opportunity to amend the federal petition:

> Following remand to this Court by the Fifth Circuit, *Trevino v. Stephens,* 740 F.3d 378 (5th Cir. 2014), this Court granted Petitioner's multiple requests for additional time to investigate and develop Petitioner's remaining claims for relief (ECF nos. 118 & 138 & Text Orders issued April 29, 2014, May 5, 2014, and July 3, 2014) and authorized Petitioner to expend resources in excess of the statutory cap set forth in 18 U.S.C. Section 3599(g)(2) for investigative and expert assistance (ECF nos. 127, 138, 149). Petitioner filed his second amended federal habeas corpus petition on February 3, 2015 (ECF no. 143), asserting therein a single claim for relief, to wit, the argument that Petitioner's trial counsel rendered ineffective assistance by failing to adequately investigate Petitioner's background and present compelling mitigating evidence.

*Trevino v. Stephens*, 2015 U.S. Dist. LEXIS 75400 at *1-2 (W.D. Tex. 2015). In the case of Anibal Canales, after the Fifth Circuit issued a post-*Trevino* remand order, the Eastern District authorized funds for a mitigation investigator and a psychiatric expert in excess of the statutory cap, granted travel authorizations for investigation, and granted discovery, before it required the petitioner to file a brief on prejudice in light of *Martinez. See Canales v. Davis*, Case No. 2:03-cv-00069, USDC

21

Dkt. #187, 196, 203, 219; *see also Speer v. Davis,* No. 2:04-cv-269 (E.D. Tex.) (same).

The conclusion that the Fifth Circuit's remand order contemplated further fact-development is not only legally compelled, but factually supported by the record. This Court granted summary judgment and dismissed Mr. Ibarra's petition before the Supreme Court had decided *Martinez* or *Trevino*, and Mr. Ibarra filed the petition well before those cases were even on the radar. Thus, investigations into state habeas counsel's performance were not undertaken. And, as noted, only preliminary investigations into the underlying IATC claim were conducted owing to the then-existing procedural posture of the issue.

It is thus clear that, not only has this Court failed to address the issues it is required to address by the terms of the Fifth Circuit's July 17, 2013 Order granting a COA and remanding for further proceedings, but it is required to allow Mr. Ibarra and Respondent an opportunity to develop the record before making the necessary fact-findings.

**B. Beyond unreasonably restricting the scope of the Fifth Circuit's remand order, this Court's September 28, 2016 Memorandum Opinion and Order is deficient on its face.**

This Court's September 28, 2016 Memorandum Opinion and Order only makes two rulings. The entirety of the Court's concluding Order reads:

It is, therefore,

> **ORDERED** that Ibarra' Opposed Motion to Reconsider is **DENIED**. It is further **ORDERED** that this case be returned to the Fifth Circuit Court of Appeals.
>
> Additionally, having considered the findings and conclusions set forth above and the requirements of 28 U.S.C. § 2253, the Court finds, *sua sponte*, that a certificate of appealability should not issue, as Ibarra has failed to make a substantial showing of the denial of a constitutional right.

USDC Dkt. #168 at 8. The Order holds only that it will not reconsider its prior denial of stay and abeyance, and that the case should be returned, without a final order, to the Fifth Circuit.

By issuing an order only on the motion to reconsider stay and abeyance, the Court failed to render a final ruling on the parties' post-remand briefs, or more critically on Mr. Ibarra's *Wiggins* claim. There is thus no final order upon which Mr. Ibarra may seek a COA, since he does not require a COA to appeal this Court's denial of his motion for stay and

abeyance.[6] *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (a COA is required only for "final orders that dispose of the merits of a habeas corpus proceeding); *Ayestas v. Stephens*, 817 F.3d 888, 895 (5th Cir. 2016).

Mr. Ibarra thus submits that this Court's September 28, 2016 Memorandum Opinion and Order is facially deficient, because it is not a "final order in a habeas proceeding" subject to 28 U.S.C. § 2253.

## CONCLUSION

For the foregoing reasons, Mr. Ibarra respectfully requests that this Court familiarize itself with the record in this case, grant his motion to alter or amend judgment, and allow full development of Mr. Ibarra's defaulted ineffective assistance of trial counsel claims, as well as his arguments that his state habeas counsel's ineffective assistance satisfies the cause necessary to excuse procedural default under *Martinez*.

Respectfully submitted,

RUSSELL D. HUNT, JR.
Attorney at Law
Texas State Bar Number 00790937
310 South Austin Avenue

---

[6] The denial of a COA is, of course, also erroneous because, even if this Court did render a final ruling on Mr. Ibarra's *Wiggins* claim, it cannot deny a COA on a claim that is in the exact same posture it was in when the Fifth Circuit granted a COA on it.

Georgetown, Texas 78626
Telephone: (512) 930-0860
r2@rhjrlaw.com

/s/ Russell D. Hunt, Jr.
Russel D. Hunt, Jr.

NAOMI E. TERR
Attorney at Law
Texas State Bar Number 24033379
P.O. Box 19252
Houston, Texas 77224
Telephone: (713) 471-3943
naomiterr@kuykendall-law.com

/s/ Naomi E. Terr
Naomi E. Terr

## CERTIFICATE OF CONFERENCE

I certify that on March 1, 2017 I communicated with Stephen M. Hoffman, counsel for Respondent, who indicated he is opposed to the motion.

/s/ Naomi E. Terr

## CERTIFICATE OF SERVICE

I certify that on March 1, 2017 I electronically filed the foregoing document with the clerk of court for the U.S. District Court for the Western District of Texas, Waco Division, using the electronic case filing system of the Court, which will send a "Notice of Electronic Filing" to Stephen M. Hoffman, counsel for Respondent, at his email address: Stephen.Hoffman@oag.state.tx.us.

/s/ Naomi E. Terr